# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DEPOMED, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:13-CV-00571 (MAS)(TJB) |
| | ) |
| v. | ) |
| | ) |
| PURDUE PHARMA L.P., THE P.F. | ) |
| LABORATORIES, INC., and | ) |
| PURDUE PHARMACEUTICALS | ) |
| L.P., | ) |
| Defendants. | ) |
| | ) |

**AMENDED COMPLAINT**

Plaintiff Depomed, Inc. ("Depomed" or "Plaintiff"), for its Complaint against Defendants Purdue Pharma L.P., The P.F. Laboratories, Inc., and Purdue Pharmaceuticals L.P., (collectively "Purdue" or the "Purdue Defendants") allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, for infringement of U.S. Patent Nos. 6,340,475, 6,635,280, 6,723,340,  and 8,329,215.

**THE PARTIES**

2.      Plaintiff Depomed is a corporation organized under the laws of California, having its principal place of business at 7999 Gateway Boulevard, Suite 300 in Newark, California.

3.      Upon information and belief, Defendant Purdue Pharma L.P. ("Purdue Pharma") is a limited partnership organized and existing under the laws of the State of Delaware, having its principal place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431 and a place of business at 6 Cedar Brook Drive, Cranbury, New Jersey

1

08512.  On information and belief, Purdue Pharma is the owner of New Drug Application ("NDA") No. 22-272 for controlled-release oxycodone pain-relief medication under the brand name OxyContin®.  On information and belief, Purdue Pharma is involved in designing, testing, manufacturing, labeling, advertising, promoting, marketing, selling and/or distributing OxyContin® throughout the United States, including in the State of New Jersey.

      4.      Upon information and belief, Defendant The P.F. Laboratories, Inc. ("P.F. Labs") is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 700 Union Boulevard, Totowa, New Jersey 07512.  On information and belief, P.F. Labs is involved in the manufacture of OxyContin® in the State of New Jersey.

      5.      Upon information and belief, Defendant Purdue Pharmaceuticals L.P. ("Purdue Pharmaceuticals") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at 4701 Purdue Drive, Wilson, North Carolina 27893.  On information and belief, Purdue Pharmaceuticals is involved in the manufacture of OxyContin®.

## JURISDICTION AND VENUE

      6.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

      7.      This Court has personal jurisdiction over Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals because, *inter alia*, they have each committed, or aided, abetted, contributed to and/or participated in the commission of the tortious action of patent infringement that has led to foreseeable harm and injury to Plaintiff, which manufacture numerous drugs for sale and use throughout the United States, including New Jersey, and because they have each availed themselves of the benefits and protections of New Jersey's laws such that they should reasonably anticipate being haled into court here.

      8.      On information and belief, Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals have had persistent, systematic and continuous contacts with the State of New

Jersey as set forth below, and for other reasons that will be presented to the Court if jurisdiction is challenged.

9.      Each Defendant has consented to personal jurisdiction in this district on several occasions, and availed itself of the legal protections of the State of New Jersey, having asserted counterclaims in lawsuits filed in the District of New Jersey.

10.     Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals directly or through an agent, including each other, regularly do or solicit business in the State of New Jersey, engage in persistent courses of conduct in New Jersey, and/or derive substantial revenue from the development, manufacture and/or sale of pharmaceutical products that are sold in New Jersey.

11.     Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals are, at the very least, agents of each other and/or work in concert with each other and/or other direct and indirect subsidiaries of Purdue Pharma with respect to the development, regulatory approval, marketing, sale and distribution of pharmaceutical products throughout the United States, including in the State of New Jersey.

12.     Upon information and belief, Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals share certain common officers and directors.  On information and belief, Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals operate in whole or in part from one or more shared facilities in Connecticut, New Jersey, North Carolina and Rhode Island.

## THE PATENTS-IN-SUIT

13.     On January 22, 2002, United States Patent No. 6,340,475 (the "'475 Patent") entitled "Extending the Duration of Drug Release Within the Stomach During the Fed Mode" was duly issued by the United States Patent and Trademark Office to Depomed as assignee of the inventors.  A true and correct copy of the '475 Patent is attached as Exhibit 1.

14.     On October 21, 2003, United States Patent No. 6,635,280 (the "'280 Patent") entitled "Extending the Duration of Drug Release Within the Stomach During the Fed Mode"

was duly issued by the United States Patent and Trademark Office to Depomed as assignee of the inventors. A true and correct copy of the '280 Patent is attached as Exhibit 2.

15.     On April 20, 2004, United States Patent No. 6,723,340 (the "'340 Patent") entitled "Optimal Polymer Mixtures for Gastric Retentive Tablets" was duly issued by the United States Patent and Trademark Office to Depomed as assignee of the inventors. A true and correct copy of the '340 Patent is attached as Exhibit 3.

16.     On December 11, 2012, United States Patent No. 8,329,215 (the "'215 Patent") entitled "Shell and core dosage form approaching zero-order drug release" was duly issued by the United States Patent and Trademark Office to Depomed as assignee of the inventors. A true and correct copy of the '215 Patent is attached as Exhibit 4.

17.     Depomed is the owner and assignee of all right, title and interest in and to the '475 Patent, '280 Patent, '340 Patent, and '215 Patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## FIRST CAUSE OF ACTION
### (Infringement of the '475 Patent)

18.     Plaintiff realleges and incorporates by reference the allegations contained paragraphs 1 - 17.

19.     Upon information and belief, Purdue Defendants' commercial manufacture, use, offer to sell, and/or sale of OxyContin® within the United States, or importation of OxyContin® into the United States during the term of the '475 Patent have infringed and infringe one or more claims of the '475 Patent under 35 U.S.C. §§ 271 (a).

20.     Depomed has been injured by Purdue Defendants' infringing activities, and is entitled to recover money damages from Purdue Defendants adequate to compensate it for Purdue Defendants' infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

21.     Depomed will continue to suffer damages in the future unless Purdue Defendants' infringing activities are enjoined by this Court.

4

22.     Unless a permanent injunction is issued enjoining Purdue Defendants and their respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '475 Patent, Depomed will be substantially and irreparably harmed.

23.     This case is exceptional, and Depomed is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**SECOND CAUSE OF ACTION**
**(Infringement of the '280 Patent)**

24.     Plaintiff realleges and incorporates by reference the allegations contained paragraphs 1 - 23.

25.     Upon information and belief, Purdue Defendants' commercial manufacture, use, offer to sell, and/or sale of OxyContin® within the United States, or importation of OxyContin® into the United States during the term of the '280 Patent have infringed and infringe one or more claims of the '280 Patent under 35 U.S.C. §§ 271 (a).

26.     Depomed has been injured by Purdue Defendants' infringing activities, and is entitled to recover money damages from Purdue Defendants adequate to compensate it for Purdue Defendants' infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

27.     Depomed will continue to suffer damages in the future unless Purdue Defendants' infringing activities are enjoined by this Court.

28.     Unless a permanent injunction is issued enjoining Purdue Defendants and their respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '280 Patent, Depomed will be substantially and irreparably harmed.

29.     This case is exceptional, and Depomed is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## THIRD CAUSE OF ACTION
### (Infringement of the '340 Patent)

30.     Plaintiff realleges and incorporates by reference the allegations contained paragraphs 1 - 29.

31.     Upon information and belief, Purdue Defendants' commercial manufacture, use, offer to sell, and/or sale of OxyContin® within the United States, or importation of OxyContin® into the United States during the term of the '340 Patent have infringed and infringe one or more claims of the '340 Patent under 35 U.S.C. §§ 271 (a).

32.     Depomed has been injured by Purdue Defendants' infringing activities, and is entitled to recover money damages from Purdue Defendants adequate to compensate it for Purdue Defendants' infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

33.     Depomed will continue to suffer damages in the future unless Purdue Defendants' infringing activities are enjoined by this Court.

34.     Unless a permanent injunction is issued enjoining Purdue Defendants and their respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '340 Patent, Depomed will be substantially and irreparably harmed.

35.     This case is exceptional, and Depomed is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## FOURTH CAUSE OF ACTION
### (Infringement of the '215 Patent)

36.     Plaintiff realleges and incorporates by reference the allegations contained paragraphs 1 - 35.

37.     Upon information and belief, Purdue Defendants' commercial manufacture, use, offer to sell, and/or sale of OxyContin® within the United States, or importation of OxyContin® into the United States during the term of the '215 Patent have infringed and infringe one or more claims of the '215 Patent under 35 U.S.C. §§ 271 (a).

38.     Depomed has been injured by Purdue Defendants' infringing activities, and is entitled to recover money damages from Purdue Defendants adequate to compensate it for Purdue Defendants' infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

39.     Depomed will continue to suffer damages in the future unless Purdue Defendants' infringing activities are enjoined by this Court.

40.     Unless a permanent injunction is issued enjoining Purdue Defendants and their respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '215 Patent, Depomed will be substantially and irreparably harmed.

41.     This case is exceptional, and Depomed is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals and respectfully request the following relief:

a.      A judgment that the '475, '280, '340, and '215 Patents have been infringed by Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals;

b.      A permanent injunction enjoining Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals, their officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them from manufacturing, using, offering to sell, or selling OxyContin® within the United States, or importing OxyContin® into the United States, prior to the expiration of the '475, '280, '340, and/or '215 Patents, including any extension;

c.      A judgment and order requiring Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals to pay Depomed its damages, costs, expenses, and pre- and post-judgment interest for their infringement of the '475, '280, '340, and/or '215 Patents, and a judgment that the damages so adjudged be trebled, pursuant to 35 U.S.C. §§ 283 and 284;

     d.     A judgment and order finding that this is an exceptional case and that Depomed

be awarded its attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

     e.     Costs and expenses in this action; and

     f.     Such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims so triable.


Dated: July __, 2013

Respectfully submitted,


Leda Dunn Wettre
Michael J. Gesualdo
ROBINSON, WETTRE & MILLER, LLC
One Newark Center, 19th Floor
Newark, NJ 07102
(973) 690-5400
LWettre@rwmlegal.com
MGesualdo@rwmlegal.com

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Hannah Lee
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Donald L. Rhoads
Geoffrey G. Hu
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, N.Y. 10036
(212) 715-9100

*Attorneys for Depomed, Inc.*

## CERTIFICATION PURSUANT TO L.CIV. R. 11.2

Plaintiff, by its undersigned counsel, hereby certifies that the patents at issue in this Action are at issue in pending actions in this District involving the unrelated product, Glumetza, *Depomed, Inc. et al. v. Sun Pharma Global FZE et al.*, Case No. 3:11-cv-03553-JAP-TJB (D.N.J.) and the unrelated product, Gralise, *Depomed, Inc. et al. v. Actavis Elizabeth LLC et al.*, Case No. 3:12-cv-01358-JAP-TJB (D.N.J.) and *Depomed, Inc. et al. v. Zydus Pharmaceuticals (USA), Inc. et al.*, Case No. 3:12-cv-02813-JAP-TJB (D.N.J.). U.S. Patent Nos. 6,340,475, 6,635,280 and 6,723,340 are at issue in *Depomed, Inc. et al. v. Actavis Elizabeth LLC et al.*, and U.S. Patent Nos. 6,370,475 and 6,635,280 are at issue in *Depomed, Inc. et al. v. Sun Pharma Global FZE et al.*, and *Depomed, Inc. et al. v. Zydus Pharmaceuticals (USA), Inc. et al.*

Dated: July __, 2013

Respectfully submitted,

Leda Dunn Wettre
Michael J. Gesualdo
ROBINSON, WETTRE & MILLER, LLC
One Newark Center, 19th Floor
Newark, NJ 07102
(973) 690-5400
LWettre@rwmlegal.com
MGesualdo@rwmlegal.com

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Hannah Lee
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Donald L. Rhoads
Geoffrey G. Hu
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, N.Y. 10036
(212) 715-9100
*Attorneys for Depomed, Inc.*