

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

September 22, 2015

BY CM/ECF
Hon. Tonianne J. Bongiovanni, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street, Room 6052
Trenton, New Jersey 08608

    Re:    *Depomed, Inc. v. Purdue Pharma L.P., et al.*
             Civ. Action No. 13-00571-MLC-TJB

Dear Judge Bongiovanni:

    This firm, along with Kramer Levin Naftalis & Frankel LLP, represents Plaintiff Depomed, Inc. ("Depomed") in the above-referenced patent litigation against Defendants Purdue Pharma L.P., the P.F. Laboratories, Inc. and Purdue Pharmaceuticals L.P. (collectively, "Purdue"). We respectfully request an order lifting the stay of the litigation based on the fact that the United States Patent Trial and Appeal Board ("PTAB") issued final decisions yesterday confirming the validity of all the asserted claims of U.S. Patent No. 6,340,475 ("the '475 Patent") and U.S. Patent No. 6,635,280 ("the '280 Patent") (collectively the Patents-in-Suit") in *inter partes* review ("IPR") proceedings initiated by third party, Endo Pharmaceutical, Inc. ("Endo"). *See* Exhibits A, B (Final Written Decisions of September 21, 2015, IPR2014-00654; IPR2014-00656).

    Over two months ago, the PTAB issued final written decisions in IPR proceedings initiated by Purdue confirming the validity of all the asserted claims of the Patents-in-Suit. Dkt. No. 98. However, the Court stayed this litigation pending the PTAB's issuance of final written decisions in the *Endo* IPRs. Dkt. No. 104. This case has now been stayed for over a year and a half, despite the fact that the Complaint was filed almost three years ago. *See* Dkt. Nos. 73, 84, 89, 90, 94, 104. Depomed respectfully requests now that the stay finally be lifted given the PTAB has now *twice* confirmed the validity of the asserted claims of the Patents-in-Suit.

    Any argument made by Purdue to continue the stay of this litigation through any appeals of the PTAB's decisions should be dismissed outright. Purdue's serial practice of requesting a stay of this case is an abuse of the judicial process, and it should end now. Any appeals, whether presented by Purdue or Endo, could take years to conclude. It is unlikely that an appeal will reverse the findings made by the PTAB, particularly in light of the fact that the PTAB made separate findings in two different IPR proceedings with respect to multiple pieces of prior art. Purdue's repeated requests for a stay in this case has continued to impede Depomed's right to obtain efficient

September 22, 2015
Page 2

judicial resolution of its claims of infringement against Purdue. Given the PTAB's repeated confirmation of validity of the Patents-in-Suit, the Court should allow Depomed's case to proceed.

We are available to discuss any of the above at the Court's convenience. Should the Court request additional briefing on this issue or any other matter, Depomed is available to provide the Court with additional briefs as needed.

          Respectfully,

          *s/Keith J. Miller*

          Keith J. Miller

Encls.
cc:    All counsel of record (By CM/ECF and email)