
ROBINSON MILLER LLC
Keith J. Miller
Michael J. Gesualdo
One Newark Center
19th Floor
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

OF COUNSEL:
KRAMER LEVIN NAFTALIS & FRANKEL LLP
Paul J. Andre
Lisa Kobialka
Hannah Lee
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Geoffrey Hu
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

*Attorneys for Plaintiff Depomed, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEPOMED, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PURDUE PHARMA L.P., THE P.F. LABORATORIES, INC., and PURDUE PHARMACEUTICALS L.P., <br><br> Defendants. | Honorable Mary L. Cooper, U.S.D.J. <br><br> Civil Action No.: 3:13-cv-00571-MLC-TJB <br><br> **MEMORANDUM OF LAW IN SUPPORT OF DEPOMED'S APPEAL OF ORDER OF MAGISTRATE JUDGE, PURSUANT TO FED. R. CIV. P. 72 AND L. CIV. R. 72.1(c)** |

## TABLE OF CONTENTS

    PAGE

I. INTRODUCTION ..................................................................................................1

II. PROCEDURAL AND FACTUAL BACKGROUND........................................................2

III. JUDGE BONGIOVANNI'S SEPTEMBER 28, 2015 ORDER SHOULD BE
SET ASIDE AS CLEARLY ERRONEOUS AND CONTRARY LAW ............................5

IV. CONCLUSION.......................................................................................................9

TABLE OF AUTHORITIES

CASES                                                                                                                              PAGE

*Cross-Atlantic Capital Partners, Inc. v. Facebook, Inc.*
  No. 070-2768, 2010 WL 4751673, at *3 (E.D. Pa. Nov. 22, 2010) ...................................8

*Grider v. Keystone Health Plan Central, Inc.,*
  580 F. 3d 119 (3rd Cir. 2009) ...........................................................................................5

*KSR Int'l Co. v. Teleflex, Inc.,*
  550 U.S. 398 (2007)...........................................................................................................8

*Kim Laube & Co. v. Wahl Clipper Corp.,*
  No. LA CV09-00914, Civil Minutes – General at 1 (C.D. Cal. Jan 23, 2012)....................8

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.,*
  No. 09-5142, GEB-ES, 2001 WL 487574 (D.N.J. Feb. 7, 2011) .......................................7

*Marks v. Struble*,
  347 F. Supp. 2d 136 (D.N.J. 2004) ....................................................................................5

*Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA, Inc.*
  No. 6:11cv492, D.I. 429, Order at 10 n.8 (E.D. Tex. Jan 5, 2015)....................................7

*Signal IP, Inc. v. Ford Motor Co.,*
  No. 14-cv-13729, 2015 WL 5719671, at *6 (E.D. Mich. Sept. 30, 2015).........................8

*The Ohio Willow Wood Co. v. Daw Indus., Inc.,*
  No. 2:04-cv-1222 Opinion and Order at 3 (S.D. Ohio Nov. 3, 2011) ...............................9

*Zoll Med. Corp. v. Respironics, Inc.,*
  No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 7, 2015) .................................7

RULES, STATUTES

35 U.S.C. § 101...............................................................................................................................3

35 U.S.C. § 112...............................................................................................................................3

Fed. R. Civ. P. 72 (a) ......................................................................................................................5

L.R. 72.1(c)(1)(A)...........................................................................................................................5

I. **INTRODUCTION**

Pursuant to Fed. R Civ. P. 72 and L. Civ. R. 72.1(c), Plaintiff Depomed, Inc. ("Depomed") respectfully requests the Court to overturn Judge Bongiovanni's September 28, 2015 Order, extending a stay of the litigation with Defendants Purdue Pharma L.P., The P.F. Laboratories, Inc. and Purdue Pharmaceuticals L.P. (collectively "Purdue") for approximately another one-and-a-half to two years. D.I. 108. The litigation has already been stayed for a year and a half. Any further stay is unduly prejudicial to Depomed—a key fact that was not addressed in Judge Bongiovanni's order continuing the stay.

Judge Bongiovanni has given Purdue the benefit of the doubt every time it has requested a stay in this case. After Purdue filed three separate request for *inter partes* review ("IPR") proceedings of certain claims of U.S. Patent No. 6,635,280 and U.S. Patent No. 6,340,475 (collectively, the "Patents-in-Suit"), Purdue sought and was granted a stay of the litigation until the U.S. Patent Trial and Appeal Board ("PTAB") ruled on Purdue's requests. D.I. 84. After three separate trials on the each of the Patents-In-Suit, the PTAB confirmed the validity of all the claims that Purdue challenged without any amendments to the claims. D.I. 98, Exs. A-C. Purdue then requested a subsequent stay pending the outcome of two IPR proceedings initiated by Endo Pharmaceuticals ("Endo") involving the same patents. D.I. 100. Judge Bongiovanni granted that additional extension of the stay. D.I. 104. On September 22, 2015, the PTAB confirmed for a second time the validity of the Patents-in-Suit. D.I. 105, Exs. A-B.

Since Purdue's and Endo's separate bids to challenge the validity of the Patents-in-Suit were unsuccessful before the PTAB, Depomed presented a short, concise request to Judge Bongiovanni to lift the stay. D.I. 105. Based on Judge Bongiovanni's previous orders, Depomed understood that the stay would end with the PTAB's second determination confirming the validity of the Patents-in-Suit. D.I. 94. Purdue wrote two subsequent letters, requesting to extend the stay yet again pending Purdue's appeal to the United States Court of Appeals for the

1

Federal Circuit ("Federal Circuit") regarding the PTAB's final written decisions. D.I. 106, 107. Specifically, Purdue filed with Judge Bongiovanni a three-page letter on September 24, 2015 requesting to continue the stay through its appeal of the PTAB's final decisions. D.I. 106. Two business days later, Judge Bongiovanni issued a handwritten, one sentence Order continuing the stay, without affording Depomed the opportunity to respond to Purdue's new arguments raised for the first time in its letter. D.I. 108. Judge Bongiovanni's order stated in its entirety:

> "In light of the attached schedule entered by the Federal Circuit, the stay shall remain in place pending its Decision."

*Id.* The referenced "attached schedule" in Judge Bongiovanni's Order is simply an expedited schedule for *briefing* where the parties are to file the appellate briefs about six weeks earlier than the date set by the Federal Circuit Rules. *Id.*, Ex. A. The Federal Circuit Order, however, does nothing to alter any other deadlines and sets no specific date for oral argument nor a date for when its final decision will issue. *Id.* Thus, this is not an expedited appeal which would diminish the undue prejudice that Depomed has faced as a result of continuing extensions to the initially requested stay. After a year and a half stay and two confirmations by the PTAB regarding the validity of the Patents-in-Suit, it is unduly prejudicial to permit any continued stay. Depomed, who filed this lawsuit nearly three years ago, is entitled to have its dispute heard, particularly where its Patents will be expiring soon.

For such reasons, Depomed respectfully requests the Court reverse the Magistrate Judge's Order, and lift the stay of the litigation.

II.  **PROCEDURAL AND FACTUAL BACKGROUND**

On January 29, 2013, Depomed filed a Complaint against Purdue asserting infringement of three patents: U.S. Patent No. 6,340,475 ("the '475 Patent"), U.S. Patent No. 6,635,280 ("the '280 Patent"), and U.S. Patent No. 6,723,340 ("the '340 Patent").[1] Nearly a year to-the-day that Depomed filed its Complaint, on January 24, 2014, Purdue filed petitions for *inter partes* review

---

[1] The '340 Patent was subsequently dropped from the case by stipulation between the parties.

2

of the asserted claims of the Patents-in-Suit with the PTAB, and on February 6, 2014, sought a stay of the litigation pending the resolution of the IPR proceedings.  D.I. 71.  On February 10, 2014, the Court ordered the case stayed for 60 days pending a mediation before the Hon. John J. Hughes at JAMS.  D.I. 73.  On February 11, 2014, Depomed responded to Purdue's letter, informing the Court that it would suffer undue prejudice if a stay were granted, particularly because the case was in the middle of fact discovery and Purdue waited until the last possible moment to file the petitions for IPR.  D.I. 74.  The parties had just exchanged proposed terms for claim construction pursuant to the Court's Scheduling Order, and were a couple days away from exchanging preliminary claim constructions.  D.I. 64.

After the mediation concluded and the parties failed to reach a settlement, Purdue renewed its request to stay the case, and the Court ordered simultaneous briefing on the issue of a stay of the case.  D.I. 79.  Pursuant to the Court's order, the parties filed simultaneous briefs on April 30, 2014 and May 5, 2014.  D.I. 80-83.  On July 9, 2014, the Court issued an order that it would not address defendants' motion to stay pending IPR until *after* the PTO issued a decision granting the review, and would maintain the stay of discovery currently in place.  D.I. 84.

On July 11, 2014, the PTAB decided to institute IPR of all asserted patent claims of the '475 and '280 Patents with the exception of two dependent claims, Claims 11 and 12 of the Patents-in-Suit.  D.I. 85, Exs. A-C.  Purdue again requested the Court to stay the litigation through the "PTAB's final written decisions."  D.I. 85 at 2.  On July 16 and July 18, 2014, Depomed responded that the IPRs do not resolve Depomed's claims of infringement and damages and Purdue's claims of invalidity under 35 U.S.C. §§ 101 and 112 or Purdue's defenses of a failure to comply with marking and no equitable relief.  D.I. Nos. 86, 87.  The Court issued an order and written opinion on July 25, 2014, staying the case pending "final decisions" on the three pending IPRs of the Patents-in-Suit.  D.I. 89 at 2; D.I. 90.

3

On April 22, 2015, Purdue informed the Court that a consolidated oral hearing had taken place in the IPR proceedings, and the Board was required to issue final written decisions by July 10, 2015. D.I. 91. Purdue also wrote to the Court that oral argument was scheduled to take place in two separate IPR proceedings that were initiated by third party, Endo Pharmaceuticals ("Endo"). *Id.* at 2. Purdue then requested the Court "continue the stay of this action pending the Board's final written decisions," and advised the Court of the pending Endo IPR proceedings. *Id.* Depomed submitted a response that any stay of the case pending the IPRs brought by Endo would be improper. D.I. 93. On May 6, 2015, the Court issued a letter order stating that: "this matter [is] to remain stayed at least until the PTAB's written decisions are issued. Nevertheless, the Court clarifies that the stay in this matter is based on the PTAB's written decisions in *Purdue Pharma L.P. v. Depomed, Inc.*, **not** *Endo Pharm. Inc. v. Depomed, Inc*." D.I. 94 (emphasis added).

On July 8, 2015, the PTAB issued final decisions confirming the validity of all the asserted claims of the Patents-in-Suit. D.I. 98, Exs. A-C. On the same day, Depomed informed the Court of the PTAB's final decisions, and requested the Court immediately issue an order lifting the stay of the litigation. *Id.* Purdue responded, and requested that the Court stay the litigation until the PTAB issued its final decisions in the Endo IPRs, which Depomed opposed. D.I. Nos. 100-101. Depomed informed the Court that the Endo IPRs involving nearly identical grounds of invalidity as the Purdue IPRs and there was very little chance that the same panel of judges would find differently in the Endo IPRs. D.I. 101. On July 22, 2015, Judge Bongiovanni issued a letter order continuing the stay through the final decisions in the Endo IPRs. D.I. 104.

On September 22, 2015, nearly three months after the PTAB's final decisions in the IPRs, the PTAB issued final decisions in the Endo IPRs, confirming, yet again, the validity of all of the asserted claims of the Patents-in-Suit. D.I. 105 at Exs. A-B. The same day, Depomed informed the Court of the final Endo IPR decisions in a one-page letter and respectfully

4

requested that the Court finally lift the stay and allow it to pursue its claims of infringement. D.I. 105. It also offered to provide additional briefing to the Court. *Id.* On September 24, 2015, Purdue responded with a three page letter setting forth its arguments, and requesting that the Court continue the stay through the appeal of the PTAB's decisions to the Federal Circuit. D.I. 106. It also stated that it filed a motion to "expedite" the appeal by requesting that the parties file their briefs at an earlier time, "six weeks in advance" of the deadline prescribed by the Federal Circuit Rules. *Id*. On September 25, 2015, the Federal Circuit granted-in-part Purdue's request with respect to filing briefs on an expedited schedule, and stated that "[o]ral argument will be scheduled during the next available argument calendar week after the reply brief is filed." D.I. 107 at 4. The Federal Circuit did not set a date for oral argument nor its final decision. *Id.* The very next business day, on September 28, 2015, the Court issued a handwritten order on Purdue's letter, stating that: "In light of the attached schedule entered by the Federal Circuit, the stay shall remain in place pending its Decision." D.I. 108, Ex. A.

### III. JUDGE BONGIOVANNI'S SEPTEMBER 28, 2015 ORDER SHOULD BE SET ASIDE AS CLEARLY ERRONEOUS AND CONTRARY TO LAW

A district court may set aside an order of a magistrate judge concerning a non-dispositive matter where the order has been shown to be "clearly erroneous or contrary to law." *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 146 (3d Cir. 2009); Fed. R. Civ. P. 72(a); L.R. 72.1(c)(1)(A). A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Marks v. Struble*, 347 F.Supp.2d 136, 149 (D.N.J. 2004) (citation omitted). A ruling of a Magistrate Judge is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Id.*

Judge Bongiovanni's September 28, 2015 Order to continue the stay of the case was clearly erroneous and a misapplication of the law. The only stated basis for Judge Bongiovanni's continuance of the stay was the Federal Circuit's expedited schedule for the parties' briefs. *See*

5

D.I. 108 ("In light of the attached schedule entered by the Federal Circuit…"). However, the fact that the briefing schedule was moved earlier by about six weeks (at Purdue's request), at most, expedites the appeal, possibly, by one or two months. Purdue did not request, and neither did the Federal Circuit order, any specific, earlier date for oral argument or an earlier date for its final decision. Thus, the appeal is not an expedited appeal.

While Judge Bongiovanni articulated no other basis for her September 28, 2015 Order, it appears she may have relied upon Purdue's conjecture that the appeal will be completed "in as few as six months from the time the opening brief is filed," i.e., April 2016. D.I. 106 at 2. However, Purdue cited to nothing to support this statement. Purdue's statement is pure speculation. Based on recent statistics issued by the Federal Circuit (and also notably cited by Purdue), the median length for an appeal in the Federal Circuit takes approximately 11 months from docketing. http://www.cafc.uscourts.gov/sites/default/files/the-court/statistics/mediandisptimemerits.chart.sy05-14.pdf. Given this, even with the parties' expedited briefing schedule, it would not be until, earliest, approximately nine months from the date of docketing for the Federal Circuit to issue a final decision, i.e. June 2016. At that point, the case will have been pending for three and a half years since the case was filed, and stayed for over two of those years. All of this will have happened, despite the fact that the PTAB *twice* confirmed the validity of the asserted patent claims in five different IPR proceedings (three initiated by Purdue, two initiated by third party Endo). D.I. 98; D.I. 105. For this reason, when weighed against the prejudice imposed on Depomed for a continued stay and the remote likelihood that any further stay will simplify the issues in the case, continuing the stay for at least another nine months is clearly erroneous and a misapplication of the law.

Judge Bongiovanni misapplied the law by putting undue weight on the possibility that the Federal Circuit could reverse the PTAB's final written decisions, and invalidate the 25 asserted patent claims that are subject of the Federal Circuit appeal. However, the law is clear that courts

6

have to consider at least three factors in deciding motions to stay: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and the trial of the case; and (3) whether discovery is complete and a trial date has been set." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 09-5142-GEB-ES, 2011 WL 487574 (D.N.J. Feb.7, 2011). In the handwritten, one-sentence Order, it appears Judge Bongiovanni did not even give any consideration to factor (1) regarding the undue prejudice and the clear tactical disadvantage to Depomed from a stay. D.I. 108.

For a year and a half, Judge Bongiovanni granted Purdue's requests to stay the case on three separate occasions pending five separate IPR proceedings (three initiated by Purdue and two initiated by third party Endo). D.I. Nos. 84, 89-90, 94, 104. Now that the PTAB has issued final written decisions confirming the validity of all 25 of asserted claims of the Patents-in-Suit in all five proceedings, the Court should, in fairness, allow Depomed to pursue its claims of infringement against Purdue without further delay. *See Zoll Med. Corp. v. Respironics, Inc.*, No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 7, 2015) (granting motion to lift stay despite appeals of IPR decisions to the Federal Circuit when case had already been stayed for a year and a half, the litigation was filed more than two and a half years ago, and stay was only initially requested through duration of IPRs).

Numerous courts have denied the continuance of a stay pending appeals after the PTO's final decision, finding continuing a stay is unfairly prejudicial to the patentee. *See Zoll Med.*, 2015-WL 4126741, at *1 (continuing stay based on IPR appeal would "unduly prejudice" plaintiff and "unfairly advantage [defendant] by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided"); *see also Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11cv492, D.I. 429, Order at 10 n.8 (E.D.Tex. Jan. 5, 2015) (requiring delay through exhaustion of appeals is contrary to the original goal of the IPR process as a "timely, cost-effective alternative to litigation" and would encourage

7

abuse of inter partes review as a tool for tactical delay) (numerous citations omitted), attached to the Declaration of Keith J. Miller, Esq. ("Miller Decl.") as Exhibit A; *Cross-Atlantic Capital Partners, Inc. v. Facebook, Inc.*, No. 07-2768, 2010 WL 4751673, at *3 (E.D. Pa. Nov. 22, 2010) (vacating stay despite appeal when reexamination took over 2 years and resulted in affirmation of the patentability of the claims at issue); *Kim Laube & Co. v. Wahl Clipper Corp.*, No. LA CV09-00914, Civil Minutes – General at 1 (C.D. Cal. Jan. 23, 2012) (lifting stay although reexamination decision was appealed when final decision constitutes a substantial change in circumstance), attached to the Miller Decl. as Exhibit B.

Further, there is little chance that Purdue will prevail on appeal. Purdue argues that the PTAB applied the "wrong tests for evaluating obviousness and anticipation." D.I. 106 at 2. However, to support its final decision, the PTAB relied upon settled Federal Circuit authority and Supreme Court authority, *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 418 (2007). D.I. 98, Exs. A-C. There is very little chance that Purdue will be able to successfully reverse this settled legal precedent.

If this case is stayed through the decision of the Federal Circuit, the prejudicial effect on Depomed will be significant as it will have waited three and a half years, if not more, after it filed its Complaint for this case to resume. "Such a pace [is] inappropriate for the prompt dispatch of judicial business." *Signal IP, Inc. v. Ford Motor Co.*, No. 14-cv-13729, 2015 WL 5719671, at *6 (E.D. Mich. Sept. 30, 2015) (denying motion to stay case when unduly prejudicial to plaintiff to wait two-and-a-half years after the filing of the complaint for the case to get started). If this case had proceeded under the Court's original Scheduling Order set on December 9, 2013, a trial would have already been over, and Depomed's infringement claims would have been finally decided. D.I. 64 (setting Pretrial Conference for March 16, 2015).

A continued stay only gives Purdue an unfair, tactical advantage in the case. In fact, when the Federal Circuit issues its decision, the Patents-in-Suit will be near expiration, as they

8

are scheduled to expire in September 2016. *See The Ohio Willow Wood Co. v. Daw Indus., Inc.*, No. 2:04-cv-1222, Opinion and Order at 3 (S.D. Ohio Nov. 3, 2011) (lifting stay after Board of Patent Appeals and Interferences upheld validity of patents and life of patents was nearing extinction), attached to the Miller Decl. as Exhibit C. If the Court grants Purdue a continued stay, it will have effectively eliminated any opportunity for Depomed to enforce its right to exclude (i.e. injunctive relief) based on Purdue's infringement. Notably, Depomed's patented technology is used in an oxycodone hydrochloride product that directly competes with Purdue's accused OxyContin product (which is also an oxycodone hydrochloride based drug used for the treatment of pain). *See* D.I. 81 at 3; D.I. 82 at 2. Each day that this case is stayed, Depomed and its partner loses market share while Purdue sells millions of dollars of revenue of the infringing product. Because of the undue prejudice that Depomed has suffered and will continue to suffer if the Court does not lift the stay, Depomed respectfully requests the Court immediately set aside the September 28, 2015 Order and lift the stay.

## IV. CONCLUSION

There is no reasonable basis to continue the stay of the litigation now that the PTAB has issued its final written decisions confirming the validity of all asserted claims of the Patents-in-Suit in IPR proceedings. The September 28, 2015 Order is contrary to law, clearly erroneous, an abuse of discretion, and therefore, must be set aside.

Dated:  October 6, 2015 ROBINSON MILLER LLC

By:*/s/ Keith J. Miller*
        Keith J. Miller

Keith J. Miller
Michael J. Gesualdo
One Newark Center
19th Floor
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

KRAMER LEVIN NAFTALIS &FRANKEL LLP
Paul J. Andre
Lisa Kobialka
Hannah Lee
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Geoffrey Hu
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

*Attorneys for Plaintiff Depomed, Inc.*