ROBINSON MILLER LLC
Keith J. Miller
Michael J. Gesualdo
One Newark Center
19th Floor
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

OF COUNSEL:
KRAMER LEVIN NAFTALIS & FRANKEL LLP
Paul J. Andre
Lisa Kobialka
Hannah Lee
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Geoffrey Hu
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

*Attorneys for Plaintiff Depomed, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEPOMED, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>DEFENDANTS PURDUE PHARMA L.P., THE P.F. LABORATORIES, INC., PURDUE PHARMACEUTICALS L.P.,<br><br>    Defendants. | Honorable Mary L. Cooper, U.S.D.J.<br><br>Civil Action No.: 3:13-cv-00571-MLC-TJB<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF DEPOMED'S APPEAL OF ORDER OF MAGISTRATE JUDGE, PURSUANT TO FED. R. CIV. P. 72 AND L. CIV. R. 72.1(c)** |

TABLE OF CONTENTS

PAGE

I.    INTRODUCTION……………………………………………………………………..1

II.    PURDUE FAILS TO SHOW HOW THE MAGISTRATE JUDGE'S ORDER
WAS SUPPORTED BY EVIDENCE AND CORRECTLY APPLIED THE LAW…….2

    A.  THE FEDERAL CIRCUIT'S SCHEDULE DOES NOT MAKE A
       CONTINUED STAY APPROPRIATE……………………………………………….2

    B.  DEPOMED SUFFERS SIGNIFICANT PREJUDICE BY THE
       CONTINUED STAY…………………………………………………………………3

    C.  REMAINING FACTORS PROVE A CONTINUATION OF A STAY IS
       INAPPROPRIATE……………………………………………………………………5

III.    CONCLUSION…………………………………………………………………...6

## TABLE OF AUTHORITIES

CASES                                                                                                    PAGE

*Bernina Int'l AG v. Handi Quilter, Inc.*,
 (Fed. Cir. Docket No. 15-1229) (Fed. Cir. Jan. 7, 2015)……………………………………….1

*Douglas Dynamics, LLC  v. Buyers Products Co.*,
 717 F.3d 1336 (Fed. Cir. 2013)……………………………………………………………….4

*Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA, Inc.*
 No. 6:11cv492, (E.D. Tex. Jan. 5, 2015) ......................................................................3

*Paice LLC v. Toyota Motor Corp.*,
 504 F.3d 1293 (Fed. Cir. 2007)……………………………………………………………….4


RULES, STATUTES

35 U.S.C. § 315(e)………………………………………………………………………………...4

L.Civ. R. 72.1(c)………………………………………………………………………………..2

I. **INTRODUCTION**

Magistrate Judge's September 28, 2015 Order was clearly erroneous and contrary to law because it: (1) was based on Defendants Purdue Pharma L.P., the P.F. Laboratories, Inc., and Purdue Pharmaceuticals L.P.'s (collectively, "Purdue") misstatement that the Federal Circuit appeal is expedited and (2) did not discuss in detail any of the factors used to determine whether a stay is appropriate, including the significant prejudice to Plaintiff Depomed, Inc. ("Depomed").

While Purdue contends that the fifth stay of this case will only be another six months, Purdue cannot and does not cite any evidence to show when the Federal Circuit will schedule oral argument after the reply appeal brief is filed. Purdue's estimated time for the appeal, therefore, is only under a best-case scenario. There is no actual guarantee of how long it will take for a decision after all the appellate briefing and oral argument on Purdue's appeal. In fact, in the single case Purdue cites where appellate briefs were filed earlier, the Federal Circuit still scheduled oral argument approximately two months after the last brief was filed. *See Bernina Int'l AG v. Handi Quilter, Inc.* (Fed. Cir. Docket No. 15-1229) (Fed. Cir. Jan. 7, 2015), attached to the Declaration of Keith J. Miller, Esq. as Exhibit 1. Should that same timing apply here, a final decision on appeal (assuming it occurs shortly after oral argument) would still not issue until around April of 2016. At that point, it will have been nearly *nine months after* the PTAB issued final decisions *confirming the validity of all asserted claims of the Patents-in-Suit* and *twenty-one months after* the initial stay was put in place based on the Petitions for IPR. There can be no question that a perpetuated stay of this nature has incurred significant prejudice on Depomed's ability to timely enforce its patent rights.

In an unjustified attempt to dismiss Depomed's arguments outright, Purdue erroneously contends that Depomed's Motion is somehow untimely because it did not appeal earlier orders which stayed the case pending completion of Purdue's IPRs. This argument is nothing but a red herring. It cannot be disputed that Depomed filed its appeal before the deadline under the Local

Rules of this Court.  L. Civ. R. 72.1(c).  Depomed's September 22, 2015 letter was a concise one-page request to the Court to lift the stay because the stay in place was entirely premised on the issuance of the PTAB's final decisions in the IPRs filed by third party Endo Pharmaceuticals, Inc. ("Endo").  D.I. 104 at 2; D.I. 105.  Once those decisions issued, Depomed immediately informed the Court and requested a lift of the stay.  D.I. 105.  In that same letter, Depomed explicitly offered to provide the Court with additional briefing.  *Id.*  Purdue, however, did not submit a similarly brief letter in kind.  Rather, it responded to Depomed's brief letter by filing two subsequent letters, one that contained three pages of argument.  D.I. 106, 107.  Two court days later, before Depomed could file a substantive response to those letters, the Magistrate Judge issued a single-sentence order continuing the stay based on the schedule of the Federal Circuit appeal with no further discussion of any other factors including the resulting prejudice to Depomed.  D.I. 108.  The Federal Circuit schedule, however, is not truly "expedited" such that any prejudice to Depomed at this stage is minimal.  For reasons set forth herein and in Depomed's opening brief, the September 28, 2015 Order was clearly erroneous and should be set aside.

## II. PURDUE FAILS TO SHOW HOW THE MAGISTRATE JUDGE'S ORDER WAS SUPPORTED BY EVIDENCE AND CORRECTLY APPLIED THE LAW

### A. THE FEDERAL CIRCUIT'S SCHEDULE DOES NOT MAKE A CONTINUED STAY APPROPRIATE

Purdue erroneously contends that the appeal will only take an additional six more months, but waiting for the Federal Circuit's decision (even under Purdue's estimated timetable) has the effect of staying the case for at least *another nine months* since the PTAB's Final Written Decisions in the IPRs, which would cause this litigation to be stayed for a total of nearly *two years* based on Purdue's filing of the IPRs.  In truth, Purdue cannot accurately predict when the Federal Circuit will schedule oral argument after the last appellate brief is filed.  If the Federal Circuit takes longer to schedule oral argument than Purdue estimates, the conclusion of

the appeal could take not just nine months, but well closer to a year from the time that all asserted claims were confirmed valid by the PTAB.  Accordingly, there is great prejudice to Depomed in being unable to timely enforcement is patent rights, irrespective of the fact that Purdue filed its opening appeal brief six weeks earlier than the normal deadline.

### B.  DEPOMED SUFFERS SIGNIFICANT PREJUDICE BY THE CONTINUED STAY

Depomed has waited long enough to have its patent rights adjudicated against Purdue, who has done everything to delay the prosecution of this patent dispute.  Contrary to Purdue's assertion, whether a patentee first requested a preliminary injunction or even sell any products or services does not alter the fact that prejudice results by delaying a plaintiff's interest in timely enforcement of a patent.  *See Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*, 6:11-cv-00492 (E.D. Tex. Jan. 5, 2015), D.I. 429, Order at 9.  Continuing the stay when none of the asserted claims were invalidated in the IPRs runs counter to "a goal of a streamlined patent system limiting unnecessary and counterproductive litigation costs" that existed when Congress enacted the AIA.  *Id.* at 10 n.8 (citation omitted).  "Notably, Congress did not expressly require exhaustion of appeals in order to lift a stay when it enacted the AIA." *Id.*

Purdue's argument that Depomed faces no prejudice by a continued stay because it is not a competitor is flawed for multiple reasons: First, the fact that Mallinckrodt decides to list or not to list the Depomed Patents in the Orange Book does not impact whether the product may be covered by the Patents-in-Suit.  A decision to list a patent in an Orange Book is entirely a company's own decision.  Therefore, Purdue cannot cite to the Orange Book as definitive evidence that Mallinckrodt's product does not practice Depomed's patents.

Second, while the Court ultimately found that the competition between the parties did not weigh against a stay, the Court did state that "it appears that there may be some competition in the market between Depomed and Purdue."  Dkt. No. 89 at 8.  Thus, the two parties, while not direct competitors in the sense that both make opioids to treat pain, are nevertheless competitors

3

in the market of pain management for patients, and Purdue's continued infringement sends the prejudicial and misleading message to others in the marketplace that the Depomed Patents are of little value in the market for drugs used to treat chronic pain. *See, e.g. Douglas Dynamics, LLC v. Buyers Products Co.*, 717 F.3d 1336, 1344-45 (Fed. Cir. 2013) (granting injunctive relief due to damage to reputation including by not enforcing intellectual property rights despite trial court's finding that companies were not direct competitors).

Third, Purdue improperly cites the *Paice* case and attempts to equate Depomed to a non-practicing entity that is undeserving of injunctive relief. The *Paice* case is inapposite because the plaintiff in that case did not manufacture any goods. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1303 (Fed. Cir. 2007). By contrast, Depomed is a company that makes and sells six specialty products in pain and neurology including products covered by the Patents-in-Suit with over $300 million in sales in this year alone. It has also issued numerous licenses to the Patents-in-Suit to well-known drug companies that practice the patented technology in the marketplace. Enforcing its patent rights against infringers is a real and important part of Depomed's business as an operating company. Therefore, Depomed cannot fairly be compared to a non-practicing entity, and stands to suffer real and significant prejudice to its business and reputation by a delay of this litigation.

Because Purdue is now estopped from raising invalidity theories it raised or could have raised in IPR proceedings, its defensive case has been severely weakened, and it can only hope to keep a stay of this litigation going long enough so that when the litigation resumes, the Patents-in-Suit will be close to expiration (they expire in September 2016), and injunctive relief will be unavailable to Depomed. *See* 35 U.S.C. § 315(e). However, trying to evade liability for infringement and an injunction is not a proper legal basis for staying a litigation.

It has been nearly three years since Depomed first filed its Complaint. Under the initial scheduling order, a trial would have concluded, and the parties would have had a judgment by

4

now. D.I. 64. Now, after Purdue has exercised its option to pursue IPR of the Patents-in-Suit, and lost, Depomed should have a fair opportunity to pursue its claims for infringement. A continued stay of this litigation is not in line with the policy and purpose of the AIA which created the IPR process, and Purdue's serial requests for a stay are but an abusive litigation tactic that should be stopped. Depomed respectfully requests, therefore, that the Court set aside the September 28, 2015 Order as clearly erroneous and contrary to law.

Certainly, the issue of prejudice to Depomed is not raised for the first time in this appeal. In its September 22, 2015 letter to the Court, Depomed stated that: "Purdue's repeated requests for a stay in this case has continued to impede Depomed's right to obtain efficient judicial resolution of its claims of infringement against Purdue." Dkt. No. 105 at 1-2. In fact, in numerous prior letters to the Court, Depomed emphasized the prejudicial impact of a continued stay of this litigation. D.I. 74, 81, 82, 86, 87, 93, 98, 101. As Purdue itself points out, Judge Bongiovanni <u>did not even refer to any "prejudice" to Depomed</u> in her September 28, 2015 Order. Opp. At 2 (emphasis in original). Magistrate Judge Bongiovanni's omission of any reference to the prejudice to Depomed from a continued stay was clearly erroneous and contrary to law, and, therefore, the September 28, 2015 Order should be set aside.

### C. REMAINING FACTORS PROVE A CONTINUATION OF A STAY IS INAPPROPRIATE

Additional factors (i.e. the stage of the case, and whether the appeal will simplify issues) also weigh against a stay, although the Magistrate Judge did not explicitly address either of these factors in her September 28, 2015 Order. Purdue erroneously claims that Depomed also never addressed these factors in its September 22, 2015 letter. Specifically, Depomed clearly stated: "It is unlikely that an appeal will reverse the findings made by the PTAB, particularly in light of the fact that the PTAB made separate findings in two different IPR proceedings with respect to multiple pieces of prior art." Dkt. No. 105 at 1. While the stage of the case has not changed, this is because a stay was put into effect nearly a year and a half ago. Depomed also reiterated that

Purdue's serial practice of requesting a stay of the case was abusive, and a delay on the timely adjudication of Depomed's patent rights.  *Id.* at 1-2.

Depomed successfully prevailed before the PTAB in *all* proceedings initiated by Purdue, and not a *single* petitioned patent claim was invalidated or amended.  D.I. 98.  Given that the Federal Circuit has affirmed 96%[1] of PTAB Final Written Decisions in appeals from IPRs in the last eight months, it is highly likely that the PTAB's decisions in Purdue's IPRs will also be affirmed, weighing heavily in favor of lifting the stay.  Therefore, Depomed respectfully requests that the Court set aside the September 28, 2015 Order as clearly erroneous and contrary to law.

### III. CONCLUSION

There is no reasonable basis to continue the stay of the litigation now that the PTAB has issued its final written decisions confirming the validity of all asserted claims of the Patents-in-Suit in IPR proceedings.  The September 28, 2015 Order is contrary to law, clearly erroneous, an abuse of discretion, and therefore, must be set aside.

Dated:  October 26, 2015         ROBINSON MILLER LLC

By:    */s/ Keith J. Miller*
Keith J. Miller
Michael J. Gesualdo
One Newark Center
19th Floor
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Paul J. Andre
Lisa Kobialka
Hannah Lee
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

---

[1] In the last six months, the Federal Circuit affirmed 25 of 26 PTAB final decisions in appeals from IPR proceedings.  In one of the 26 cases, the Federal Circuit affirmed-in-part, reversed-in-part and remanded in part the PTAB's final decision.  *See* http://www.aiablog.com/blog/decisions/ under "CAFC Decisions-PTAB IPR."

                    KRAMER LEVIN NAFTALIS & FRANKEL LLP
                    Geoffrey Hu
                    1177 Avenue of the Americas
                    New York, NY 10036
                    (212) 715-9100

                    *Attorneys for Plaintiff Depomed, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2015, I caused the foregoing Reply Brief in Further Support of Depomed's Appeal of Order of Magistrate Judge, Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c) and the Declaration of Keith J. Miller, Esq. in Further Support of Depomed's Appeal, to be served via CM/ECF and electronic mail.

*/s/ Keith J. Miller*
Keith J. Miller