**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEPOMED, INC.                                  :
                                               :         CIVIL ACTION NO. 13-571 (MLC)
              Plaintiff,                       :
                                               :         **MEMORANDUM OPINION**
       v.                                      :
                                               :
PURDUE PHARMA L.P., et al.,                    :
                                               :
              Defendants.                      :
_____ :

    **PLAINTIFF**, Depomed, Inc. ("Depomed"), earlier requested the Magistrate Judge to

lift a stay of litigation after the Patent Trial and Appeal Board ("PTAB") issued its final inter

partes review ("IPR") decisions in <u>Purdue Pharma L.P. v. Depomed, Inc.</u>, IPR2014-00377,

IPR2014-00378, and IPR2014-00379 ("the Purdue IPRs").  (<u>See generally</u> dkt. 104.)

    **DEFENDANTS**, Purdue Pharma L.P., the P.F. Laboratories, Inc., and Purdue

Pharmaceuticals L.P. (collectively, "Purdue") opposed Depomed's request to lift the stay

because of Purdue's pending appeal from the IPR decisions to the United States Court of

Appeals for the Federal Circuit ("Federal Circuit").  (<u>See generally</u> dkt. 106.)  Purdue

submitted as part of its opposition an order issued by the Federal Circuit that called for an

expedited briefing schedule on the Purdue IPR appeals.  (<u>See</u> dkt. 107 at 3–4.)  Briefing on

the matter was to conclude by December 7, 2015, with oral argument to be scheduled

"during the next available argument calendar week after the reply brief is filed."  (<u>See</u> <u>id.</u> at

4.)

**THE MAGISTRATE JUDGE** extended the stay of litigation in a letter order dated September 28, 2015 ("9-28-15 Letter Order").  (See dkt. 108.)  The Magistrate Judge continued the stay in light of the expedited briefing schedule set forth by the Federal Circuit on Purdue's IPR appeals.  (See id.)

**DEPOMED** timely appealed from the 9-28-15 Letter Order pursuant to Federal Rule of Civil Procedure ("Rule") 72 and Local Civil Rule 72.1(c).  (See generally dkt. 109.)

**THE COURT** carefully reviewed the papers submitted by the parties concerning the appeal.  (See dkts. 105, 106, 107, 108, 109, 110, 111.)  The Court resolves the appeal without oral argument pursuant to Local Civil Rule 78.1(b).  The Court writes primarily for the benefit of the parties, and presumes their familiarity with the facts and procedural history of this action.

**THE COURT**, upon reviewing a non-dispositive matter, may modify, vacate, or reverse magistrate judge decisions that are "clearly erroneous or contrary to law."  Id.; see also Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002) (internal quotation and citation omitted).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004) (citation omitted).  A ruling is contrary to law if the magistrate judge misinterpreted or misapplied applicable law, but the reviewing court "[u]nder the clearly erroneous standard of review . . . will not reverse the magistrate judge's determination even if the court might have decided the matter differently."  Wortman v. Beglin, No. 03-495,

2

2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007) (internal quotation and citation omitted);

see also Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998).

**THE POWER** to stay a proceeding "is inherent in the Court's ability to control its

docket and promote judicial economy." LG Elecs. U.S.A., Inc. v. Whirlpool Corp., No. 09-

5142, 2011 WL 487574, at *1 (D.N.J. Feb. 7, 2011). The Court weighs the following factors

in determining whether a stay is appropriate: "(1) whether a stay would unduly prejudice or

present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify

the issues and the trial of the case; and (3) whether discovery is complete and a trial date has

been set." Id. A court's discretion to grant a stay extends to those stays pending conclusion

of a Patent and Trademark Office reexamination. See Ethicon, Inc. v. Quigg, 849 F.2d 1422,

1426–27 (Fed.Cir. 1988).

**WHEN A PARTY BRINGS AN APPEAL** in such patent matters, a court should

await any orders issued by the Federal Circuit and the United States Supreme Court. See 35

U.S.C. §§ 141(c), 319 (stating that a party dissatisfied with IPR decision may appeal from

decision to Federal Circuit). A stay of Depomed's infringement action pending Purdue's

IPR appeals would not be an unusual result. See Trs. of Columbia Univ. v. Illumina, Inc.,

620 Fed.Appx. 916, 917–21 (Fed.Cir. 2015) (determining appeal from IPR decision while

district court action below was stayed); see also Ultratec, Inc. v. CaptionCall, LLC, 611

Fed.Appx. 720, 720 (Fed.Cir. 2015) ("[T]he district court granted a stay of the litigation

pending a final *inter partes* decision on the validity of all the claims-in-the-suit, including the

exhaustion of any appeals.").

3

**DEPOMED** argues that the Magistrate Judge erred: (1) because "[t]he only stated basis . . . was the Federal Circuit's expedited schedule for the parties' briefs;" (2) by "rel[ying] upon Purdue's conjecture that the appeal will be completed in as few as six months from the time the opening brief is filed," and (3) by placing "undue weight on the possibility that the Federal Circuit could reverse the PTAB's final written decisions."  (Dkt. 109-1 at 8–9 (internal quotation omitted).)

**PURDUE** argues that the Magistrate Judge did not err because (1) the expedited appeal will not prejudice Depomed as "[t]here is no indication that the appeal will take more than a year, and it likely will be decided much sooner;" (2) Depomed has failed to address other factors of granting a stay, i.e., how a stay may impact the issues in the case and the current stage of the case; and (3) applying the factors for a stay, this stay simplifies the issues and trial of the case because discovery is still at its early stages and a trial date has not been scheduled.  (See dkt. 110 at 11, 15–16.)  See also LG Elecs., 2011 WL 487574, at *1 (enumerating the factors a court may consider in granting a stay).

**THE COURT** finds that the Magistrate Judge's conclusions in this case were not clearly erroneous or contrary to law because "[t]he decision of whether or not to stay a patent case during reexamination is discretionary."  Stryker Trauma S.A. v. Synthes (USA), No. 01-3879, 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008) (citations omitted).  The Magistrate Judge had previously granted a stay in this case based upon a finding that:

> Purdue's three petitions for IPR review will likely substantially simplify the issues before the Court and the relatively early stage of these proceedings

4

increases the likelihood that a stay will promote judicial economy and the efficient resolution of this matter.

(Dkt. 89 at 13.)

PURDUE has similarly argued that a stay pending Federal Circuit review of the Purdue IPRs would streamline the case and promote judicial economy.  (See dkt. 106 at 2–3; dkt. 110 at 15–17.)  The Court finds that the Magistrate Judge committed no clear error in concluding that a stay was appropriate in this matter because: (1) the Magistrate Judge is accorded discretion in granting or lifting stays; (2) the appeal will streamline the issues in this case; and (3) the case remains in its early stages.  (See dkt. 89 at 9–13; dkt. 110 at 15–17.) Accordingly, the Court will affirm the 9-28-15 Letter Order because the Magistrate Judge did not commit an abuse of discretion, or misinterpret or misapply any applicable law in extending the stay of litigation.  See Gunter, 32 F.Supp.2d at 164; Wortman, 2007 WL 2375057, at *2.

THE COURT will issue an appropriate order.


  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge


**Dated:** January 4, 2016

5