# EXHIBIT B



RE: Depomed v. Purdue: Invalidity Contentions
Lee, Hannah
to:
Lisamarie LoGiudice
05/24/2016 02:58 PM
Cc:
"Kobialka, Lisa", "Baghdassarian, Mark", "Andre, Paul", Depomed v Purdue - Defendants
Hide Details
From: "Lee, Hannah" <HLee@KRAMERLEVIN.com>
To: Lisamarie LoGiudice <llogiudice@jonesday.com>
Cc: "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Baghdassarian, Mark"
<MBaghdassarian@KRAMERLEVIN.com>, "Andre, Paul"
<PAndre@KRAMERLEVIN.com>, Depomed v Purdue - Defendants
<DepomedPurdueDefendants@jonesday.com>
History: This message has been replied to.

Counsel,

Purdue should not be permitted to raise any of the defenses listed below under Section 102 and 103.  Notably,
some of those you have listed below were never raised in Purdue's initial invalidity contentions. Accordingly,
Depomed will move to preclude Purdue's reliance on the defenses you list below.

Finally, the Nautilus case does not provide grounds for Purdue to amend its invalidity contentions at this time.

Regards,
Hannah

**Hannah Lee**
**Associate**

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
**990 Marsh Road**
**Menlo Park, California 94025**
**O: 650-752-1714 | F: 650-752-1814**
**hlee@kramerlevin.com**
**view bio**
**www.kramerlevin.com**

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is
confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have
received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of  the original
communication. Thank you for your cooperation.

**From:** Lisamarie LoGiudice [mailto:llogiudice@jonesday.com]
**Sent:** Friday, May 20, 2016 7:16 AM
**To:** Lee, Hannah
**Cc:** Kobialka, Lisa; Baghdassarian, Mark; Andre, Paul; Depomed v Purdue - Defendants
**Subject:** Re: Depomed v. Purdue: Invalidity Contentions

Hannah,

We write in response to your May 17, 2016 email regarding the invalidity contentions that remain in this case.
 You have not raised any valid reason why Purdue is not entitled to litigate the validity of the asserted claims as

set forth in Purdue's April 29, 2016 letter.  Accordingly, Purdue does not agree to withdraw the 35 U.S.C. §§ 102 or 103 defenses that remain in the case, which are outlined below.

As indicated in our April 29 letter, Purdue is entitled to litigate the validity of the '475 and '280 patents claims 11 and 12 based on any prior art references set forth in Purdue's Invalidity Contentions, since those claims were not instituted in the IPR proceedings.  *Synopsys Inc. v. Mentor Graphics Corp.*, No. 2014-1516, slip op. at 11-12 (Fed. Cir. Feb. 10, 2016).  Moreover, Purdue is entitled to assert invalidity under §§ 102 and 103 based on grounds that were set forth in Purdue's Invalidity Contentions if those grounds were declined institution in the IPRs.  *Shaw Indus. Group, Inc., v. Automated Creel Sys., Inc.*, No. 2015-1116, 2015-1119, slip op. at 11 (Fed. Cir. March 23, 2016)  (holding that the estoppel provision of 35 U.S.C. § 315(e) does not apply to grounds for relief that PTAB declined to institute).  For clarity, Purdue intends to assert the following grounds of invalidity under §§ 102 and 103:

- Claims 1, 8, 9, 13, 14 and 61 of the '475 patent and claims 1, 8, 9, 13, 14, 45 and 46 of the '280 patent are anticipated by Baveja;
- Claims 1, 8, 9, 13, 14, 61 and 62 of the '475 patent and claims 1, 8, 9, 13, 14, 45 and 46 of the '280 patent are anticipated by Colombo;
- Claims 43, 57 and 58 of the '475 Patent and claim 43 of the '280 Patent are anticipated by the '837 Patent;
- Claim 10 of the patents in suit would have been obvious over Colombo, Kim, the '837 patent and the '548 patent;
- Claims 11 and 12 of the patents in suit would have been obvious for the reasons set forth in Purdue's Invalidity Contentions;
- Claims 1, 8, 9, 13, 14, 45, and 46 of the '280 patent would have been obvious over Colombo, the '837 patent and the '548 patent; and
- Claims 43, 54, 55, 57, 58, and 66 of the '475 patent would have been obvious over the '803 patent, Baveja, and Colombo.

Moreover, Purdue will move to amend its invalidity contentions to assert indefiniteness of the claim terms that include the phrase "substantially all of said drug, " which implicates the same allegations that are being addressed in the context of claim construction.  Purdue has good cause to amend its contentions in view of *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2127 (2014), which changed the long standing Federal Circuit standard that a claim was only indefinite if it was "insolubly ambiguous" to one where a claim is indefinite if it "fails to inform, with reasonable certainty, those skilled in the art about the scope of the invention."  Please let us know whether Depomed will oppose Purdue's motion to amend its invalidity contentions.


Regards,

Lisamarie


Lisamarie LoGiudice, Ph.D. (bio)
Associate
**JONES DAY® - One Firm Worldwide℠**
222 East 41st Street
New York, NY 10017
Office +1.212.326.8387
llogiudice@jonesday.com

From:       "Lee, Hannah" <HLee@KRAMERLEVIN.com>
To:         "gjlarosa@jonesday.com" <gjlarosa@jonesday.com>, "jjnormile@jonesday.com" <jjnormile@jonesday.com>, Lisamarie LoGiudice
            <llogiudice@jonesday.com>
Cc:         "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Baghdassarian, Mark"
            <MBaghdassarian@KRAMERLEVIN.com>
Date:       05/17/2016 06:35 PM
Subject:    Depomed v. Purdue: Invalidity Contentions

---

Counsel,

Following up on our discussion yesterday and the parties' letters on what invalidity contentions remain in the case, Depomed will move to strike Purdue's invalidity contentions that Purdue reasonably could have raised during the inter partes review of the Patents-in-Suit under 35 U.S.C. §§ 102 or 103.  Pursuant to 35 U.S.C. 315(e) and 37 C.F.R. § 42.104, Purdue is estopped from §§ 102 or 103 challenges based on patents or printed publications it raised or reasonably could have raised in the IPR proceedings.  *See, e.g.,* *Intellectual Ventures I LLC v. Toshiba Corp.*, 2015 WL 3773779, at *3 (D. Del. May 15, 2015) ("because Toshiba chose to take the validity dispute to the PTAB through the IPR procedure rather than litigating validity in this court, Toshiba is now estopped from challenging validity of the IPR patents in any civil action based 'on any ground that the petitioner raised or reasonably could have raised during that inter partes review.'").  Let us know by Thursday if you agree to withdraw any of your §§ 102 or 103 defenses that you contend still remain in the case in your April 29th letter.

Thanks,
Hannah

**Hannah Lee**
Associate

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
990 Marsh Road
Menlo Park, California 94025
O: 650-752-1714 | F: 650-752-1814
hlee@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

==========