R E C E I V E D

JAN 03 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEPOMED, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P., THE P.F. LABORATORIES, INC., and PURDUE PHARMACEUTICALS L.P.,<br><br>              Defendants. | Civil Action No. 13-571-MLC-TJB<br><br>**OPINION TO SEAL**<br><br>*Filed Electronically* |

**THIS MATTER** having been opened to the Court by the joint application of Plaintiff Depomed, Inc. ("Plaintiff") and Defendants Purdue Pharma L.P., The P.F. Laboratories, Inc., and Purdue Pharmaceuticals L.P. (collectively, "Purdue") by and through their undersigned counsel, in connection with the parties' Motion to Seal, pursuant to Local Civil Rule 5.3(c): (1) portions of Purdue's Brief in support of Motion to Amend Its Answer and Counterclaims (D.E. 225); (2) portions of Exhibit 1 and Exhibit 2 to the Declaration of Liza M. Walsh; (3) portions of Exhibits I-J to Exhibit 1; (4) portions of Depomed's Opposition to Purdue's Motion to Amend Its Answer and Counterclaims (D.E. 240); and (5) portions of Exhibits 5, 9, 11 and 12 to the Declaration of Hannah Lee (D.E. 240) (collectively, "the Confidential Documents"); and the Court having considered the papers submitted by the parties in support of the Motion; and the Court having considered and adopted the Declaration of Keith Miller, counsel for Plaintiff; and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

KL3 3102973.1

## FINDINGS OF FACT

A. Through discovery in this case, the parties have produced confidential information, the public disclosure of which would affect legitimate business interests. To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any materials produced pursuant to the Amended Discovery Confidentiality Order ("Amended DCO"), entered by this Court on January 8, 2014 (D.E. 67).

B. The Amended DCO allows the parties to designate information as "Confidential" or "Highly Confidential." The Amended DCO acknowledges that the parties will exchange documents that contain confidential information, and strictly limit access to these documents. The Amended DCO further provides that a party wishing to use material designated as "Confidential" or "Highly Confidential" must move pursuant to Local Civil Rule 5.3(c) for leave to file the submission under seal.

C. Pursuant to the Amended DCO and Local Civil Rule 5.3(c), the parties move to seal the Confidential Documents relating to Plaintiff's research and development efforts including as related to a third party and information in its laboratory notebooks related to research and development efforts of its products.

D. Specifically, the following portions of the Confidential Documents contain confidential information:

- Purdue's Brief in support of Motion to Amend Its Answer and Counterclaims (D.E. 225):
    - Page 14, second paragraph, line 3, from "claims." until the end of the paragraph;

- Exhibit 1 to the Declaration of Liza M. Walsh:
    - Page 16, paragraph 36, line 10, from "BMS" until the end of the paragraph;
    - Pages 24-25, paragraph 62 in its entirety;
- Exhibit I to Exhibit 1 the Declaration of Liza M. Walsh at 216:23- 217:25; 222:24-223:11;
- The Entirety of Exhibit J to Exhibit 1 to the Declaration of Liza M. Walsh.
- Exhibit 2 to the Declaration of Liza M. Walsh:
    - Page 16, paragraph 35, line 10, from "BMS" until the end of the paragraph on page 17;
    - Page 25, paragraph 61 in its entirety;
- Depomed's Opposition to Purdue's Motion to Amend Its Answer and Counterclaims (D.E. 240);
    - Page 6, first paragraph, starting from "Regarding" to end of paragraph;
    - Page 6, second paragraph, starting from "Counsel noted," to end of paragraph;
    - Page 7, first paragraph, last sentence to "III. ARGUMENT";
    - Page 13, first paragraph, starting from "Further, she also testified" to "Consistent";
    - Page 14, first paragraph, starting from "Regarding" to end of paragraph.
- Exhibit 5 to the Declaration of Hannah Lee (D.E. 240-5):
    - 20:26-21:1 (up until "By providing")

- Exhibit 9 to the Declaration of Hannah Lee (D.E. 240-8):
    - 48:14-25
- Exhibit 11 to the Declaration of Hannah Lee (D.E. 240-9):
    - 168:21-25; 169:9-25
- Exhibit 12 to the Declaration of Hannah Lee (D.E. 240-10):
    - DEPO-PURDUE 00717-21

These select portions of the above documents are collectively referred to herein as the "Confidential Information."

E. The Confidential Information contains and/or reflects information that Plaintiff has designated as "Confidential" or "Highly Confidential" pursuant to the Amended DCO.

F. In particular, the Confidential Information discloses Plaintiff's research and development efforts including as related to a third party and information in its laboratory notebooks related to research and development efforts of its products.

G. The Amended DCO entered in this matter provides for the confidential treatment of this type of proprietary information. The legitimate private or public interests which warrant confidentiality are: Plaintiff, a party to this patent case has a legitimate interest in maintaining the confidentiality of its commercial strategies, as well as information relevant to research, development, technical and supplier information. The clearly defined and serious injury that would result if the Confidential Information is disclosed is: Plaintiff would be seriously injured. Information which was not intended to be seen by competitors would be available for review and potential use against the Plaintiff. Moreover, competitors (actual and potential) in the highly competitive pharmaceutical industry, who

are not parties to this action would have access to the information. There is no less restrictive alternative to the sealing of the Confidential Information.

H. The parties have complied with the terms of the Amended DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

## CONCLUSIONS OF LAW

A. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and the parties' submissions in support of the Motion, finds that the parties have satisfied their burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the Confidential Information is highly confidential or confidential and entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information [,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of

such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The information in the parties' submissions satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Information.

**THEREFORE,** it is on this 3rd day of January, 2017;

**ORDERED** as follows:

1. The following portions of the Confidential Documents contain confidential information:

    - Purdue's Brief in support of Motion to Amend Its Answer and Counterclaims (D.E. 225):

        o Page 14, second paragraph, line 3, from "claims." until the end of the paragraph;
    - Exhibit 1 to the Declaration of Liza M. Walsh:

- o Page 16, paragraph 36, line 10, from "BMS" until the end of the paragraph;
- o Pages 24-25, paragraph 62 in its entirety;
- Exhibit I to Exhibit 1 the Declaration of Liza M. Walsh at 216:23- 217:25; 222:24-223:11;
- The Entirety of Exhibit J to Exhibit 1 to the Declaration of Liza M. Walsh.
- Exhibit 2 to the Declaration of Liza M. Walsh:
  - o Page 16, paragraph 35, line 10, from "BMS" until the end of the paragraph on page 17;
  - o Page 25, paragraph 61 in its entirety;
- Depomed's Opposition to Purdue's Motion to Amend Its Answer and Counterclaims (D.E. 240);
  - o Page 6, first paragraph, starting from "Regarding" to end of paragraph;
  - o Page 6, second paragraph, starting from "Counsel noted," to end of paragraph;
  - o Page 7, first paragraph, last sentence to "III. ARGUMENT";
  - o Page 13, first paragraph, starting from "Further, she also testified" to "Consistent";
  - o Page 14, first paragraph, starting from "Regarding" to end of paragraph.
- Exhibit 5 to the Declaration of Hannah Lee (D.E. 240-5):
  - o 20:26-21:1 (up until "By providing")

- Exhibit 9 to the Declaration of Hannah Lee (D.E. 240-8):

   - o  48:14-25

 - Exhibit 11 to the Declaration of Hannah Lee (D.E. 240-9):

   - o  168:21-25; 169:9-25

 - Exhibit 12 to the Declaration of Hannah Lee (D.E. 240-10):

   - o  DEPO-PURDUE 00717-21

2. The Court further finds that Plaintiff would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such highly confidential or confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, the parties' joint motion pursuant to Local Civil Rule 5.3(c) to seal the Confidential Documents is **GRANTED**.

_____
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

The Clerk of the Court is directed to terminate Docket Entry No. 252.