NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEPOMED, INC.,** | Civil Action No. 13-571 (MLC) |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **PURDUE PHARMA L.P., et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon Plaintiff Depomed, Inc.'s ("Depomed") motion for leave to file a second amended complaint. (Docket Entry No. 142). Through its motion, Depomed seeks to add claims of willful infringement of U.S. Patent Nos. 6,340,475 ("'475 patent") and 6,635,280 ("'280 patent") and to withdraw claims of infringement for U.S. Patent Nos. 6,723,340 ("'340 patent") and 8,329,215 ("'215 patent") pursuant to the parties' agreement prior to the stay entered in this case. Purdue Pharma L.P., The P.F. Laboratories, Inc., and Purdue Pharmaceuticals L.P.'s (collectively, "Purdue") opposes Depomed's motion to for leave to file a second amended complaint. The Court has fully reviewed all arguments raised in support of and opposition to Depomed's motion to amend its complaint. The Court considers the aforementioned motion without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Depomed's motion to Amend its Complaint is GRANTED.

### I.      Background and Procedural History

This is a patent infringement action involving the '475 patent, the '280 patent, the '340 patent and the '215 patent. The original complaint, which was filed on January 29, 2013, only

asserted the '475 patent, the '280 patent and the '340 patent. (Docket Entry No. 1). Purdue filed an Answer and Counterclaims in response to Depomed's Complaint on March 28, 2013, and Depomed filed its Answer to Purdue's Counterclaims on April 17, 2013. (Docket Entry Nos. 29, 33). Depomed later was granted leave to file an Amended Complaint, which added the '215 patent to the litigation as well. (Docket Entry No. 49). Purdue filed an Answer to Depomed's Amended Complaint and Amended Counterclaim on August 9, 2013. (Docket Entry No. 50). Depomed then filed an Answer to Purdue's Counterclaims on August 20, 2013. (Docket Entry No. 52). This matter was stayed pending the inter partes review proceedings with respect to '475 patent and the '280 patent. (Docket Entry No. 89). This matter was ultimately stayed until March 31, 2016. (Docket Entry No. 117).

On April 20, 2016, this Court issued a schedule for this case, which provided the parties until June 13, 2016 to amend pleadings and until October 7, 2016 for fact discovery. (Docket Entry No. 119). Depomed filed its Motion for Leave to File an Amended Complaint on June 10, 2016. (Docket Entry No. 141, 142). Purdue filed its Opposition on June 21, 2016, and Depomed filed its Reply brief on June 28, 2016. (Docket Entry Nos. 151, 155).

While all four patents are currently asserted in the Amended Complaint (*see* Am. Compl. ¶ 1; Docket Entry No. 49), Depomed seeks to amend the complaint again to withdraw its assertions of patent infringement for the '340 and '215 patents. (Depomed Br. in Supp. of Motion to Amend at 1; Docket Entry No. 141-1). Purdue does not oppose Depomed's request to withdraw claims of infringement for the '340 patent and the '215 patent; however, Purdue opposes Depomed's proposed addition of claims of willful infringement of the '475 patent and the '280 patent. In light of the parties' agreement to the withdrawal claims of infringement for

2

the '340 patent and the '215 patent, the Court will only address the proposed addition of claims of willful infringement of the '475 patent and the '280 patent.

## II. Analysis

### A. Standard of Review

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the

court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

Further, a proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008 "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### B. Discussion

Depomed argues that its motion for leave should be granted to add claims of willful infringement because there are facts supporting willful infringement allegations and remedies are available for such willful infringement. Depomed asserts that it "should have an opportunity to test its claim on the merits because the underlying facts and circumstances are the proper subject of relief." (Docket Entry No. 142 at 10). Depomed maintains that adding willfulness claims will not prejudice Perdue, because no additional resources will be required to conduct discovery or prepare for trial since "it involves the same nucleus of facts involved in the litigation." (*Id*. at 11.) Further, Depomed argues that there will be no duplicative discovery or multiple depositions. Depomed submits that most of the willful infringement discovery is covered during the infringement and damages-related discovery.

In addition, Depomed argues that there is no prejudice with respect to Depomed's timing to amend its complaint, because "the amendments are premised on conduct that began after the PTO and Federal Circuit's confirmation of the validity of Depomed's Patents-in-Suit in March of this year." (*Id*. at 14). Depomed then sought leave to amend after the stay was lifted. Depomed also asserts that "the case schedule contemplated amendments to the pleadings at this stage of the case as Depomed's proposed amendments come before the Court-ordered deadline to amend pleadings." (*Id*.).

Depomed maintains that the willfulness amendments are not futile because the allegations meet the pleading standard in that a plaintiff sufficiently states a claim for willful infringement when it alleges (1) infringement of the patent-in-suit; and (2) pre-filing knowledge of the patent-in-suit. (*Id*. at 16). In addition, Depomed argues that Purdue's assertion that it can rely on invalidity theories not presented during the Inter Parties Review proceedings is

5

unfounded. "Depomed must simply provide sufficient details in its complaint to show it called the Patents-in-Suits to Purdue's attention, and that Purdue disregarded the risk of infringement by continuing its infringing activity after receiving notice of the Patents-in-Suit." (*Id.* at 20).

Finally, Depomed argues that it acted in good faith in moving for leave to amend as there was no bad faith or dilatory motives by Depomed. (*Id.* at 21).

Purdue opposes Depomed's Motion for Leave to Amend on two main grounds, which are that (1) Depomed's willfulness amendment would be futile and that (2) Depomed's proposed amendment would prejudice Purdue. With respect to Depomed's allegations being futile, Purdue argues that Depomed fails to state a claim for willfulness. Purdue argues that in addition to alleging infringement of the patent-in-suit and pre-filing knowledge of the patent-in-suit, that Depomed must also "plead facts giving rise to at least a showing that the infringer engage in 'egregious' activity beyond typical infringement." (Purdue's Opposition brief at 5)(citation omitted). In addition to failing to plead egregious activity, Purdue argues that Depomed fails to allege "that the sale or manufacture of OxyContin® prior to the filing of Depomed's complaint was willful." (*Id.*)

Purdue further argues that, pursuant to *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), that Depomed was required to "move for a preliminary injunction in order to be entitled to accrue enhanced damages based solely on the infringer's post-filing conduct." (*Id.* at 5). Purdue also submits that the Federal Circuit's decision to affirm the PTAB decisions in the IPRs does not bar most of Purdue's invalidity defenses, because not every issue of validity in this case was resolved when the Federal Circuit affirmed the PTAB decisions in the three IPRs. (*Id.* at 7). Purdue maintains that it could not raise any of its invalidity defenses under §§ 101, 102(b)

6

on-sale bar, 102(g) prior invention, or 112, as set for the in Purdue's Invalidity Contentions. (Docket Entry No. 151 at 8).

Further in support of its argument that Depomed's amendments would be futile, Purdue argues that the Federal Circuit's decision with respect to the three IPRs is irrelevant to the issue of infringement. (*Id*. at 10). Purdue submits that the Depomed bears the burden of proving infringement, but yet Depomed fails to offer any proof that Purdue's OxyContain® products meet all of the limitation of the claims asserted by Depomed. (*Id*. at 10).

Purdue also argues that permitting Depomed to amend its complaint as proposed would prejudice Purdue, because permitting Depomed leave to add a claim of willfulness adds a new theory to the case. Purdue also argues that it will be forced to choose between waiving privilege or relinquishing its ability to rely on an advice of counsel defense. (*Id*. at 12). Further, Purdue submits it will have to conduct further discovery and prepare for the new issue of willful infringement, which will result in a delay of the case and will expand the scope of expert discovery. Finally, Purdue maintains that Depomed delayed nearly two months in seeking leave to amend its complaint and thus was not diligent in seeking leave to amend its complaint.

The Court finds that Depomed's Motion for Leave to Amend its Complaint was timely filed. After the stay was lifted, Depomed sought leave to amend the complaint and the motion to amend the pleadings was timely filed in light of the scheduling order that was in place. As such, the Court disagrees with Purdue that Depomed did not act diligently and thus finds that there was no delay.

In addition, the Court finds that Purdue will not be prejudiced by Depomed's filing of a second amended complaint. At the time that Depomed filed its motion, the scheduling order still provided for almost four months for discovery, which was to close on October 7, 2016. Further,

Depomed sought leave to file this motion after the stay was lifted in this case, so the parties were aware of the potential new claims for willful infringement. In light of the stage of this case when the motion was filed, the Court finds that Purdue will not be prejudiced by the filing of Depomed's Second Amended Complaint, because there was still time for Perdue to complete the necessary discovery, including any additional expert discovery that may be required.

    Finally, the Court finds that Depomed's willfulness amendment is not futile. Depomed's second amended complaint sufficiently plead a claim for willful infringement in that Depomed plead that the patents-in-suit were brought to Purdue's attention and that Purdue disregarded the risk of infringement by continuing it infringing activities after receiving said notice from Depomed. *See Cephalon, Inc. v. Sun Pharm., Ltd.*, No. 11-5474, 2013 WL 5533468, at *4 (D.N.J. Oct. 7, 2013) ("to state a claim for willful infringement, "a plaintiff must provide a pleading equivalent to 'with a knowledge of the patent and of his infringement'")(citations omitted). Further, despite Purdue's assertion, it is not necessary for Depomed to file for a preliminary injunction in order to file a second amended complaint with claims of willful infringement. *See Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766 (Fed. Cir. 2014); *WAG Acquistion, LLC v. Multi-Media, LLC,* No. CIV.A. 14-1661 ES JA, 2015 WL 5310203, at *11 (D.N.J. Sept. 10, 2015) ("there is no *per se* bar to alleging post-filing willfulness without seeking a preliminary injunction"). Accordingly, the Court finds that Depomed's motion to amend its complaint is not futile.

### III. Conclusion

For the reasons stated above, Depomed's motion to amend its complaint is GRANTED.

An appropriate Order follows.

Dated: January 31, 2017

                                    Tonianne J. Bongiovanni
                                    **HONORABLE TONIANNE J. BONGIOVANNI**
                                    **UNITED STATES MAGISTRATE JUDGE**