

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

December 19, 2017

VIA CM/ECF
Hon. Tonianne J. Bongiovanni, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Cthouse
402 East State Street, Room 6052
Trenton, New Jersey 08608

    Re:   *Depomed, Inc. v. Purdue Pharma L.P. et al.,*
           Civil Action No. 3:13-00571 (BRM/TJB)

Dear Judge Bongiovanni:

This Firm, along with Kramer Levin Naftalis & Frankel LLP, represents Plaintiff Depomed, Inc. ("Depomed") in the above matter. Following the November 30, 2017 teleconference with the Court, the Parties met and conferred and agree to the following schedule for expert discovery and submit the following competing proposals for deadlines thereafter:

| Event | Depomed's Proposed Deadline | Purdue's Proposed Deadline |
|---|---|---|
| Opening expert reports | January 26, 2018 | January 26, 2018 |
| Rebuttal expert reports | February 26, 2018 | February 26, 2018 |
| Close of expert discovery | March 30, 2018 | March 30, 2018 |
| Deadline to file dispositive motions | May 18, 2018 | June 8, 2018 |
| Status conference with Judge Martinotti to discuss Inequitable Conduct Trial | June 29, 2018 | July 6, 2018 |
| Bench Trial on inequitable conduct | August 6, 2018 | September 3, 2018 (depending on outcome of status conference to discuss inequitable conduct) |
| Submission of Joint Proposed Final Pretrial Order | August 10, 2018 | 2 weeks after decision on inequitable conduct |
| Final Pretrial Conference | August 17, 2018 | 3 weeks after decision on inequitable conduct |
| Trial | September 17, 2018 | TBD by the Court but no earlier than 60 days after decision on inequitable conduct |

RM | ROBINSON MILLER LLC

December 19, 2017
Page 2

**Plaintiff's submission**

Depomed disputes that a bench trial on inequitable conduct will be necessary at all, but in order to prevent any further delay in obtaining a trial date in this case on issues of Purdue's infringement and related damages, it submits the foregoing proposed schedule. Depomed submits that its proposed case schedule is consistent with the Parties' discussion with the Court during the November 30, 2017 teleconference where Judge Martinotti decided to schedule the trial in September 2018. Purdue specifically requested from Judge Martinotti a September trial date (Depomed requested a May trial date), and Judge Martinotti granted Purdue's request by saying he would see the parties in September. Now, however, Purdue is once again attempting to further delay this case by baking in unnecessary time (six months) between the close of all discovery (March 30) and a bench trial on inequitable conduct (September 3). This case has been pending for nearly five years, and Purdue's delayed schedule for the case after expert discovery and open-ended schedule for trial is highly prejudicial to Depomed who has been waiting for years to try its claims of infringement and damages against Purdue. Accordingly, Depomed respectfully requests the Court immediately enter an order adopting its proposed schedule.

**Defendants' submission**

Purdue's proposed schedule is both reasonable and consistent with the Parties' November 30, 2017 discussion with the Court. Contrary to Depomed's contention, Purdue did not request a September 2018 trial date—it merely suggested that it may be appropriate for the trial be held in the September/October time frame. Moreover, Judge Martinotti did not schedule a trial in September 2018. In fact, the Court specifically contemplated that it would first need to address the issue of whether to hold a prior and separate inequitable conduct trial. Purdue's proposed schedule provides a mechanism for the Parties and the Court to address this issue after completion of: (1) the outstanding inequitable conduct discovery; and (2) briefing on any dispositive motions.

Moreover, Purdue's proposed inequitable conduct trial date of September 3, 2018 is reasonable and practical given the remaining discovery dispute between the parties concerning inequitable conduct. Purdue's proposal provides sufficient time for: (1) Your Honor to decide whether to compel Ms. Lee's and Mr. Andre's depositions and prepare an associated report and recommendation; (2) Judge Martinotti to decide the likely appeal of this dispute between the Parties; (3) completion of the discovery; and (4) preparation for a bench trial. This approach is orderly and economical, while also allowing time for a decision on inequitable conduct—which could render a trial on the remaining merits unnecessary.

With respect to Purdue's proposed dates for dispositive motions and a status conference, Depomed will not be heard to argue that it would be prejudiced by the one week difference in the proposals. This case would be near its conclusion but for Depomed's futile motion to strike Purdue's Amended Answer, and evasive responses to Purdue's discovery requests. Accordingly, Purdue respectfully requests that Your Honor adopt Purdue's proposed schedule.



December 19, 2017
Page 3

We thank Your Honor for her kind consideration.

                                                           Respectfully,

                                                           *s/Keith J. Miller*

                                                           Keith J. Miller

cc:  All Counsel of Record (via CM/ECF)

Case 3:13-cv-00571-BRM-TJB   Document 350   Filed 12/19/17   Page 3 of 3 PageID: 10217